CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 8 2015

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| DAVID JUELL MITCHELL, | ) |
|     Plaintiff, | ) Civil Action No. 2:15CV00002 |
| v. | ) **MEMORANDUM OPINION** |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) By: Hon. Glen E. Conrad |
|     Defendant. | ) Chief United States District Judge |

Plaintiff David Juell Mitchell filed this action for negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., and, in the alternative, for strict liability under the Railroad Safety Appliance Act, 49 U.S.C. § 20301 et seq.,[1] against defendant Norfolk Southern Railway Company ("NSRC"). NSRC has moved to transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, this motion will be denied.

## Background

The following facts are presented in the light most favorable to Mitchell, the nonmoving party.[2] Mitchell is a resident of Dungannon, Virginia. NSRC is owned by Norfolk Southern Corporation, a Virginia corporation with its headquarters located in Norfolk, Virginia. NSRC is a common carrier involved in interstate commerce by railroad and operates over 22,000 miles of

---

[1] Mitchell's amended complaint cites this statute as the "49 U.S.C. § 20101." Am. Compl. ¶ 35. However, that statute is the Federal Railroad Safety Act of 1970.

[2] When reviewing a motion to transfer under § 1404(a), the court may consider evidence outside the pleadings, "but must view all facts in the light most favorable to the party opposing transfer." Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., No. 09-1036, 2010 WL 170403, at *2 (W.D. Pa. Jan. 14, 2010); see Tharpe v. Lawidjaja, No. 6:12-CV-00039, 2012 WL 5336208, at *1 (W.D. Va. Oct. 26, 2012) (Moon, J.) ("[G]iven that Defendant bears a heavy burden in opposing the plaintiff's chosen forum, and the strong presumption in favor of the plaintiff's choice of forum, I will review the facts in the light most favorable to the plaintiff.") (internal citations and quotation marks omitted).

railway in the eastern United States.

At the time of the accident, Mitchell was employed by Cleco Corporation ("Cleco"). On January 25, 2012, NSRC was "making certain repairs on the tracks[,] including repairing a switch" in Trenton, Georgia. Am. Compl. ¶ 10. NSRC needed more manpower for the project and requested additional workers from Cleco. Accordingly, Cleco sent Mitchell and others to help NSRC with these repairs. At all times, NSRC maintained complete control over the project, including the method of repairs, and supplied the equipment for the repairs. In addition, Mitchell was under the supervision and control of NSRC supervisors and employees.

During the repair project, Mitchell was directed to go to a NSRC supply truck, which was located on the railroad tracks, to obtain materials that were needed for the repairs. While climbing down a ladder at the rear of the truck, Mitchell "fell many feet." Am. Compl. ¶ 29. During his fall, he "caught his left leg on the truck and his buttocks and back caught the end of the ties on the ground." Id. Once on the ground, Mitchell noticed that a step was missing from the truck's ladder. At the time of the fall, Mitchell was acting carefully and was unaware of the missing step. In addition, no one, including NSRC employees, warned Mitchell about the missing step. As a result, Mitchell suffered a ruptured disc in his back.

Mitchell filed suit pro se against NSRC on January 23, 2015. On May 29, 2015, NSRC filed both a motion to dismiss the case, arguing lack of subject matter jurisdiction, and a motion to transfer venue to the Northern District of Georgia. On June 29, 2015, the court terminated the motion to dismiss as moot, granted leave for Mitchell to file an amended complaint, and ordered Mitchell to respond to NSRC's motion to transfer venue. On July 5, 2015, Mitchell filed an amended complaint, by counsel, alleging negligence under FELA and, in the alternative, strict liability under the Railroad Safety Appliance Act. Mitchell seeks compensatory damages in the

2

amount of $1,000,000.00 for, inter alia, pain and suffering, past and future medical expenses, permanent disability, and lost wages. The motion to transfer venue has been fully briefed and is now ripe for review.

## Discussion

As a threshold matter, the court must determine whether the case could be brought in the proposed alternative forum, the Northern District of Georgia. See Rankine v. Rankine, 166 F.3d 333, 1998 WL 808203, at *1 (4th Cir. Nov. 23, 1998) (unpublished table decision) (finding that the district court erred by not requiring the moving party to first establish that the alternative forum is actually available). Because Mitchell's accident occurred in Trenton, Georgia, which is located within the Northern District of Georgia, that district would be an appropriate venue as a substantial part of the events or omissions giving rise to the claim occurred there. 28 U.S.C. § 1391(a).

NSRC's motion to transfer venue is brought pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal citation and quotation marks omitted). In deciding whether to exercise this discretion, courts typically consider a number of factors, including: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." Heinz Kettler GmbH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010); see also Rockingham Precast, Inc. v. American Infrastructure-Maryland, Inc., No.

3

5:11cv00024, 2011 WL 5526092, at *2 (W.D. Va. Nov. 14, 2011). The party seeking transfer bears the "heavy burden of showing that the balance of interests weighs strongly in [its] favor in a motion to transfer." Arabian v. Bowen, 966 F.2d 1441, 1992 WL 154026, at *1 (4th Cir. July 7, 1992) (unpublished table opinion). When applying § 1404(a), the decision to transfer a case rests soundly within the discretion of the district court. Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991); S. Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956); Simmons v. Johnson, No. 7:05CV00053, 2005 WL 3159555, at *1 (W.D .Va. Nov. 22, 2005). For the following reasons, the court concludes that NSRC has not met its burden of showing that the Northern District of Georgia would be a more convenient forum in this case.

### I. *Plaintiff's Choice of Forum*

The first factor in the transfer analysis is the plaintiff's choice of venue. "That choice is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." Heinz Kettler, 750 F. Supp. 2d at 667 (quoting Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 633 (E.D. Va. 2003)); see also Alpharma, Inc. v. Purdue Pharma L.P., 634 F. Supp. 2d 626, 633 (W.D. Va. 2009) ("A plaintiff's choice of forum deserves substantial weight, except when '(1) the plaintiff chooses a foreign forum, and (2) the chosen venue has little connection to the cause of action.'") (quoting Gen. Creation LLC v. LeapFrog Enters., Inc., 192 F. Supp. 2d 503, 504-05 (W.D. Va. 2002)).

In this case, there is no dispute that the Western District of Virginia, Big Stone Gap Division, is Mitchell's home forum. In his complaint, Mitchell states that he is a resident of Dungannon, Virginia, which is located within this judicial district. NSRC does not contest this point. Therefore, Mitchell's choice of venue is entitled to "considerable deference." LeapFrog Enters., Inc., 192 F. Supp. 2d at 505; see Rockingham Precast, Inc., 2011 WL 5526092, at *3

4

(holding that the plaintiff's decision to file suit in the Western District of Virginia was entitled to "considerable deference," since the district was the plaintiff's home forum). Because this forum is Mitchell's home forum, the court does not need to evaluate its connection to the cause of action in order to determine whether to give Mitchell's venue choice substantial weight. See Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992) ("[W]hen...a plaintiff chooses a foreign forum and the cause of action bears little to no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight.") (emphasis added). Accordingly, based on the current record, the court concludes that this factor weighs against transferring the case to the Northern District of Georgia.

## II. *Convenience of the Parties*

The second factor in the analysis is the convenience of the parties. However, "'when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer.'" Heinz Kettler, 750 F. Supp. 2d at 668 (quoting JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007)). Moreover, transfer is not appropriate when it will merely serve to shift the balance of inconvenience from one side to another. Id.

In this case, the Northern District of Georgia would not be a convenient forum for Mitchell to pursue his claims because he is a resident of Dungannon, Virginia, which is located within this judicial district. Moreover, NSRC is a Virginia corporation with its headquarters in Norfolk, Virginia. Therefore, it would appear that the Northern District of Georgia would not be a convenient forum for NSRC either when compared to this district. While NSRC may be correct in arguing that more relevant evidence is located in Georgia and/or Alabama, the court is currently unable to conclude that transferring the case would accomplish more than merely shifting the balance of inconvenience to the plaintiff. See VS Techs., LLC v. Twitter, Inc., No.

5

2:11CV43, 2011 WL 11074291, at *7 (E.D. Va. June 28, 2011) ("[I]t is probable that more relevant evidence is and more party witnesses are located in the Northern District of California. However, transfer is inappropriate where it robs a plaintiff of his chosen forum and merely shifts the balance of inconvenience from defendant to plaintiff."). In addition, NSRC has not demonstrated that it will be difficult to transport documentary evidence to Virginia. See Rockingham Precast, Inc., 2011 WL 5526092, at *6; see also Titan Atlas Mfg, Inc. v. Sisk, No. 1:11 cv00012, 2011 WL 3665122, at * 17 (W.D. Va. Aug. 22, 2011) (noting that "in modern litigation, documentary evidence is readily reproduced and transported from one district to another" and finding defendants failed to demonstrate that their documentary evidence would be so voluminous as to create a great burden on them). Accordingly, this factor does not strongly weigh in favor of transferring the case to the Northern District of Georgia.

### III. *Witness Convenience and Access*

The third factor, witness convenience and access, is the primary focus of NSRC's motion to transfer venue. Courts have recognized that this factor is "of considerable importance" in the transfer analysis. Samsung Elecs. Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 718 (E.D. Va. 2005). As a general matter, however, "a distinction is drawn between party and non-party witnesses." Id. "'[C]ourts have repeatedly emphasized that in considering whether to transfer a case under 28 U.S.C. § 1404(a), the inconvenience to a party witness is not afforded the same weight as the inconvenience to non-party witnesses.'" Beacon Wireless Solutions, Inc. v. Garmin Int'l, Inc., No. 5:11cv25, 2011 WL 4737404, at *5 (W.D. Va. Oct. 5, 2011) (quoting USA Labs, Inc. v. Bio-Engineered Supplements & Nutrition, Inc., No. 1:09CV47, 2009 WL 1227867, at *4 (E.D. Va. May 4, 2009)). While party witnesses are presumed to be more willing to testify in a different forum, there is no such presumption for non-party witnesses. Samsung,

6

Case 2:15-cv-00002-GEC-PMS Document 29 Filed 09/08/15 Page 6 of 10 Pageid#: 107

386 F. Supp. 2d at 718. Moreover, "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'" Beacon Wireless Solutions, Inc., 2011 WL 4737404, at *5 (quoting Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)).

In this case, NSRC asserts that a number of non-party witnesses reside in Georgia and/or Alabama, hundreds of miles away from Virginia, and therefore litigating this case in Virginia would be inconvenient for these individuals. As an attachment to its motion to dismiss, NSRC submitted an affidavit from Linda S. Kurzenberger, NSRC's District Claim Agent, which states that the two potential witnesses named in Mitchell's first complaint are located in Alabama. In addition, Kurzenberger states that any other witnesses who may have been present at the time of Mitchell's fall would also be located in Alabama. However, in her affidavit, Kurzenberger does not indicate that it would be extremely disruptive for the non-party witnesses to travel to Virginia, nor does she state that litigating in Virginia would put NSRC at a disadvantage because these witnesses are beyond the subpoena power of this court. NSRC has not filed any additional affidavits from its employees regarding their potential testimony, the inconvenience for them if required to travel to Virginia to testify, and their willingness to travel to Virginia absent a subpoena. See Mullins v. Equifax Info. Servs., LLC, No. 3:05CV888, 2006 WL 1214024, at *8 (E.D. Va. Apr. 28, 2006) ("[T]he moving party must demonstrate whether that witness is willing to travel to a foreign jurisdiction.") (internal quotation marks omitted). In its reply brief, NSRC does express concern about the compulsory process because the named individuals reside outside the district and more than 100 miles from the place of trial. However, "merely asserting that a witness lives outside the subpoena power of the court is not enough to tip the scales in favor of

transfer." Rockingham Precast, Inc., 2011 WL 5526092, at *4; see Mullins, 2006 WL 1214024, at *8 ("Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process."). Again, "[w]ithout evidence that these witnesses are unwilling to testify voluntarily, this factor becomes less important." Rockingham Precast, Inc., 2011 WL 5526092, at *4. Although live testimony is the preferred mode of presenting evidence, videotaped depositions often are sufficient. Mullins, 2006 WL 1214024, at *8. "Somewhat less weight is given to witness inconvenience when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical." Id. In this case, NSRC does not argue why depositions would be inadequate. Moreover, Mitchell, whose witnesses may be located in Alabama and/or Georgia, concedes that he will likely rely on submitting interrogatories to NSRC and taking depositions in order to support his case.

Upon review of the current record, the court is unable to conclude that NSRC has made a sufficient showing in this regard. Kurzenberger's affidavit does not compel the conclusion that the non-party witnesses, all of whom Mitchell identified as his own witnesses, would be completely unwilling to travel to Virginia to testify absent a subpoena. Instead, the affidavit merely states where Mitchell's non-party witnesses are likely located and nothing about how traveling to Virginia would inconvenience those individuals or their unwillingness to travel to Virginia absent a subpoena. Also, NSRC offered no evidence that it would be at a disadvantage based on the location of its non-party witnesses, and the inconvenience for those witnesses to travel to Virginia. In fact, NSRC did not even identify any other non-party witnesses besides the ones that Mitchell identified. The facts in this case are indistinguishable from Mullins, where the court found that the defendant only provided a list of potential witnesses identified by the

8

plaintiff, and the witnesses' locations outside of the district, and thus failed to meet its burden of showing inconvenience to the non-party witnesses. 2006 WL 1214024, at *8.

This court recognizes that litigating in Virginia will increase the cost and expense of securing witness testimony for NSRC, and even Mitchell as well. However, at this stage in the proceedings, it appears that transferring the case would merely shift the burden to Mitchell, who is likely the key witness. See id. at *8 ("[L]oss of live testimony of less central witnesses is not so great a price for honoring plaintiff's choice."). Accordingly, the court concludes that this factor does not strongly weigh in favor of transferring the case to the Northern District of Georgia.

### *IV.    Interest of Justice*

The final factor in the transfer analysis is the interest of justice, which "encompasses public interest factors aimed at systematic integrity and fairness." Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (internal citation and quotation marks omitted). Relevant considerations include: the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of an unfair trial, the ability to join other parties, the possibility of harassment, the pendency of a related action, and the interest in having local controversies decided at home. Heinz Kettler, 750 F. Supp. 2d at 670; Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1260 (E.D. Va. 1988).

In this case, Mitchell argues that the interest of justice would be served by litigating this case in Virginia. First, he contends that the local interest for the Northern District of Georgia is low. Second, Mitchell states that there is no conflict of law issues because the substantive law here is federal law. Mitchell does not raise any of the other factors as leaning against transferring

9

the case. In its motion to transfer venue, NSRC does not directly address this factor, but instead focuses its argument in favor of transferring the case because of the inconvenience of non-party witnesses. Viewing the record in the light most favorable to Mitchell, this dispute involves a Virginia resident and a subsidiary of a Virginia corporation. Therefore, "[t]his is not a case in which the citizens of the Western District of Virginia would be burdened with a controversy that bears no relation to the district." Rockingham Precast, Inc., 2011 WL 5526092, at *8; see also Heinz Kettler, 750 F. Supp. at 670 (emphasizing that "Virginia has an interest in providing a forum for its residents to litigate their disputes"). Here, Virginia has an interest in providing a forum for its residents to litigate disputes against subsidiaries of Virginia corporations. Accordingly, the interest of justice factor does not strongly weigh in favor of transferring this case to the Northern District of Georgia.

## Conclusion

For the reasons stated above, the court concludes that NSRC has not met its heavy burden of proving that this case should be transferred to the Northern District of Georgia. Mitchell's choice of forum as his home forum is entitled to substantial weight and NSRC has not demonstrated that the other factors tip the scales decidedly in its favor. As such, NSRC's motion to transfer venue is denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This \_\_\_9th\_\_\_ day of September, 2015.

_____
Chief United States District Judge